# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| VENICE, P.I., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:17-CV-285-JVB-JEM |
| | ) | |
| DOES 1-18, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on John Doe 1 [sic] Motion to Quash or Vacate, Issue a Protective Order, and/or Sever and Dismiss, and Incorporated Memorandum of Law [DE 12], filed by Defendant John Doe 1, having an IP address of 73.74.68.193,[1] on November 1, 2017. On March 30, 2018, the Court denied the Motion in part and ordered additional briefing as to why the claims against the eighteen separate defendants should not be severed. Plaintiff filed a responsive supplemental brief on April 12, 2018.

Also before the Court are a Motion for Clarification [DE 17] and a Third Motion to Extend Time to Serve Defendants [DE 18], both filed by Plaintiff on April 12, 2018.

## I.  BACKGROUND

On July 1, 2017, Plaintiff filed a Complaint alleging that eighteen unnamed defendants committed copyright infringement by distributing a copy or portion of a copy of the Work, a movie entitled "Once Upon a Time in Venice." Plaintiff alleges that it is the exclusive copyright holder of the Work, and that the defendants used BitTorrent software to share an identical copy of the Work, as identified by its hash value, through participation in a single BitTorrent swarm. On July

---

[1] It has since come to the Court's attention that, in an attachment to Plaintiff's Complaint, this IP address is associated with a different-numbered Doe Defendant, but because the title "Doe 1" was used in several filings and an Order of this Court, the Court will continue to use that title for the purposes of this Order.

26, 2017, the Court granted Plaintiff leave to take early discovery to determine the identities of the defendants, who were identified solely by their respective Internet Protocol (IP) addresses, by serving a Rule 45 subpoena on Comcast, the Internet Service Provider (ISP) for all eighteen defendants.

I.     ANALYSIS

    A.     <u>Whether to Sever Claims Against Doe Defendants</u>

Federal Rule of Civil Procedure 20 provides that multiple defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing unnecessary multiple lawsuits." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (quoting *Gorence v. Eagle Food Centers, Inc.*, 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996)). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Court has "broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Seventh Circuit Court of Appeals has held that "a district court may sever claims under Rule 21, creating [] separate proceedings, so

2

long as the [severed] claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice*, 209 F.3d at 1016).

Plaintiff argues that the claims against all of the defendants arise out of the same series of transactions because all of the defendants are alleged to have uploaded and downloaded the same file and because there are common issues of law and fact. It also emphasizes that, in this matter, the defendants are alleged to have accessed the file within a period of less than four days in June, 2017. Plaintiff also argues that principles of fairness favor Plaintiff and that judicial economy would be served by proceeding in a single action against all of the defendants.

Although a number of courts have permitted joinder in BitTorrent file sharing cases, courts are split on whether joinder is appropriate in cases where there is no evidence that the defendants directly shared content with one another. As another court in the Seventh Circuit explained:

> [T]he BitTorrent protocol's architecture alone does not compel the conclusion that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction or series of transactions for the purposes of Rule 20(a)(2). . . . Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

*Malibu Media, LLC v. Reynolds*, 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013); *see also, e.g., SBO Pictures, Inc. v. Does 1-57*, No. RWT 12cv22, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (severing defendants and noting that "the better-reasoned decisions have held that where a plaintiff has not [pled] that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied"); *CineTel Films, Inc. v. Does 1-1052*, 853 F. Supp. 2d 545, 552-53 (D. Md. 2012) (agreeing with the "significant number of courts . . . [that] have specifically held that the properties of BitTorrent are insufficient to support joinder" to conclude that "the requirements of Rule 20(a) are not met" where "the alleged infringement was committed by

unrelated defendants, through independent actions, at different times and locations"); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (severing defendants where "Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time"); *Boy Racer, Inc. v. Does 1-60*, C 11-01738 SI, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) ("Allegations that defendants used a single peer-to-peer network to download plaintiff's works – on different days, at different times, and through different ISPs – is insufficient to allow plaintiff to litigate against sixty different defendants in one action."); *LaFace Records, LLC v. Does 1–38*, No. 5:07-CV-298-BR, 2008 WL 544992 at *2 (E.D.N.C. Feb.27, 2008) ("[D]efendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20").

In this case, Plaintiff alleges that the eighteen defendants all transmitted at least part of the same digital copy of the Work at some point during a four-day period in June 2017. Plaintiff has not alleged or argued that the defendants were online and part of the swarm at the same time, that they were operating from the same IP address, or that they directly shared the Work with each other. *Cf. Sunlust Pictures*, No. 12 C 1546, 2012 WL 3717768 at *4 (N.D. Ill. Aug. 27, 2012) (finding joinder proper where "Sunlust alleges in its complaint that the defendants participated in the swarm simultaneously and that it observed the defendants transferring data from the Video between themselves"). In this case, Plaintiff also states that it is "notable that all defendants all had internet access via the same service provider, namely Comcast," and further points out that "each of the defendants resides in Indiana," but Plaintiff does not allege that parties using the same internet provider or residing in the same state are more likely to be engaged in a shared transaction than any

4

other two people accessing the internet. Most of the defendants accessed the file hours or even days apart from each other. Even for those defendants who accessed the file within a relatively short span of an hour or less, there is no allegation that they shared data with each other. Therefore, Plaintiff has not shown that all eighteen defendants were engaged in the same transaction or occurrence.

Plaintiff also argues that joinder leads to judicial efficiency because severing its claims against the various defendants at this juncture "would create extra costs and delay" for Plaintiff. While it may be true that permitting continued joinder of these actions will promote efficiency for Plaintiff, the opposite is true for Defendants, who, if this case were to proceed under permissive joinder, would each be required to wait for the answers of all of the others, to expend the costs necessary to serve all documents on each of the other defendants, and to participate in all hearings that might occur, despite the fact that they may all assert different defenses. Plaintiff relies on the opinion of another judge in this district, in *Malibu Media, LLC v. John Does 1-14*, to demonstrate that joinder was proper in a similar BitTorrent action. *See* 287 F.R.D. 513, 516 (N.D. Ind. 2012). However, after the defendants in that case were identified, Judge Cosbey concluded that "the different factual issues and legal defenses in each Defendant's case actually create judicial inefficiency rather than promoting efficiency" and therefore that "permitting joinder of the Defendants 'would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating . . . mini-trials involving different evidence and testimony.'" *Malibu Media, LLC v. Doe*, No. 1-12CV-263, 2013 WL 2250236 at *1-2, 2013 U.S. Dist. LEXIS 72198, at *4 (N.D. Ind. May 21, 2013) (quoting *Hard Drive Prods.*, 809 F. Supp. 2d at 1164); *see also Reynolds*, 2013 WL 870618, at *14 ("[I]t is unlikely that judicial economy will be achieved by trying what are, in essence, fourteen separate cases simultaneously. Each defendant is likely to assert

a unique defense based on his or her situation, and will likely have to present evidence of that defense separately and independently."). In this case, there are likely to be as many differences in facts and legal defenses as there are defendants. Therefore, it does not appear that allowing Plaintiff to bring its claims against all eighteen defendants together would in fact promote judicial economy. Even if two or more of the defendants may have been engaged in the same transaction or occurrence such that joinder under Rule 20(a) were permissible as to those defendants, it is an appropriate exercise of the Court's discretion under Rule 21 to sever them to avoid causing prejudice and unfairness to all of the defendants.

    B.    <u>Motion for Clarification</u>

In its Order of March 30, 2018, the Court ordered Plaintiff to serve copies of certain documents on Doe 1, who has not provided any identity or contact information to the Court. In its Motion for Clarification, Plaintiff stated that "Defendant John Doe 1 has not provided Plaintiff or its counsel with a physical or mailing address." Plaintiff has not indicated whether Comcast has provided it with any name or contact information for Doe 1. Plaintiff requests leave to serve Doe 1 by leaving a copy of filings with the Court; however, that alternative method of service will be ineffective in this case, where Doe 1 submitted a motion to the Court without providing any identity or contact information. In this case, it is more appropriate to excuse Plaintiff from the service requirement until such time as it has information about Doe 1's identity and contact information.

## III.    CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part** John Doe 1 [sic] Motion to Quash or Vacate, Issue a Protective Order, and/or Sever and Dismiss, and Incorporated Memorandum of Law [DE 12] and **ORDERS** that Defendants Doe 2-18 are hereby **SEVERED** from

6

this case. Plaintiff may continue in the instant action, cause number 2:17cv285-JVB-JEM, against the defendant referred to herein as Doe 1, identified by the IP address of 73.74.68.193, only. The Court **DIRECTS** the Clerk of Court to sever the claims against the remaining Doe Defendants, to treat the claims against those defendants as separate actions, and to assign a separate docket number to each action, identifying each defendant as "John Doe, having an IP address of," using the corresponding IP addresses listed on lines 1 and 3-18 of Exhibit 2 to Plaintiff's Complaint [DE 1-2]. The Court **ORDERS** Plaintiff to file separate amended complaints containing only its claims against each individual defendant and pay the filing fee for each case, on or before **May 23, 2018**.

The Court also hereby **GRANTS, but for different relief than requested,** the Motion for Clarification [DE 17] and **ORDERS** that, to the extent Plaintiff has received or receives information from Comcast or any other source regarding the identity and contact information of Defendant John Doe 1, having an IP address of 73.74.68.193, Plaintiff **is ordered to serve** Doe 1 with copies of (1) Plaintiff's brief filed at Docket Entry #13; (2) the Court's Order at Docket Entry #16; (3) Plaintiff's brief filed at Docket Entry #19; and (4) this Order, as soon as feasible, but in no event more than three business days after the date of this order or Plaintiff's receipt of Defendant Doe 1's contact information, whichever is later. To the extent that Plaintiff does not have any contact information for Defendant Doe 1, Plaintiff **is excused** from the service requirement until such time as it has received further information. The Court **ORDERS** Plaintiff to file a status report on service on or before **May 3, 2018**.

Plaintiff requests an extension of time to serve the Complaint. Because Plaintiff's claims against the various defendants been severed, the Court **hereby GRANTS in part** the Third Motion to Extend Time to Serve Defendants [DE 18] with respect to Defendant Doe 1, who remains in this

case. The deadline by which Plaintiff must serve the Complaint on Defendant Doe 1, identified by the IP address of 73.74.68.193 is **July 3, 2018**. The Court **DENIES in part as MOOT** the Motion with respect to the other seventeen defendants, who must be sued separately as outlined above.

So ORDERED this 26th day of April, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record